**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**FLUBERT NGANG KIMENG,**

      **Petitioner,**

                                **Case No. 1:26-cv-280**

      **v.**

**U.S. ATTORNEY GENERAL, et al.,**          **JUDGE DOUGLAS R. COLE**
                                     **Magistrate Judge Vascura**

      **Respondents.**

## ORDER

U.S. Immigration and Customs Enforcement (ICE) is currently detaining Petitioner Flubert Ngang Kimeng, a citizen of Cameroon, pending removal proceedings. Kimeng filed a Petition for Writ of Habeas Corpus (Doc. 1), requesting that the Court order his release. Kimeng asserts that ICE is detaining him under 8 U.S.C. § 1225(b)(2), which mandates detention, when instead 8 U.S.C. § 1226(a), which provides for discretionary detention, governs. (*Id.* at #8 ("This case concerns Respondents' erroneous decision that Mr. Kimeng is subject to mandatory detention without bond under § 1225(b)(2), rather than being bond-eligible under § 1226(a).")). He also asserts that his detention under § 1225(b)(2) violates due process. (*Id.* at #13–14). This Court recently addressed these precise questions in *Coronado v. Secretary, Department of Homeland Security*, No. 1:25-cv-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025), further explained its reasoning in *Masis Lucero v. Field Office Director of Enforcement and Removal Operations*, No. 1:25-cv-823, 2025 WL 3718730 (S.D. Ohio Dec. 23, 2025), and has adopted the same position in various additional petitions raising these or similar issues, *see, e.g.*, *Phurtskhvanidze v. Field Office Dir. of*

*Enforcement & Rem. Ops.*, No. 1:25-cv-827, 2026 WL 160833 (S.D. Ohio Jan. 21, 2026); *Alcan v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 1:25-cv-961, 2026 WL 472333 (S.D. Ohio Feb. 19, 2026). As with the petitioners in those actions, Petitioner here entered the United States without admission or inspection. (*See* Doc. 1, #1; Notice to Appear, Doc. 1-2, #18). As a result, this case is materially indistinguishable from those prior cases, and the same analysis controls.

Kimeng offers no argument that persuades the Court that it should reconsider that approach. True, since the Court's first decision on the issue, the circuits have split. The Fifth and the Eighth circuits reached the same conclusion that the Court did. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). But the Second Circuit agrees with Kimeng's position. *See Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). More importantly from this Court's perspective, the Sixth Circuit recently heard argument on the issue, but has yet to issue a decision. (*See* Case Argued, *Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir. Mar. 18, 2026), Doc. 42). In light of the circuit split, and pending further guidance from the Sixth Circuit, this Court stands by its previous decisions.

Separately, Kimeng also contends that he is entitled to a remedy as a class member in *Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). (Doc. 1, #3–4). As Respondents highlight, however, the Ninth Circuit recently issued a temporary stay of that declaratory judgment, at least as to any petitioners located outside the Central District of California. (Doc. 8, #55–57; Doc. 8-2, #63–66 (stay order)). Besides

that, this Court has already explained its view that petitioners seeking relief as class members in that case should "pursue any such remedy in that court, not this one." *Alcan*, 2026 WL 472333, at *3 n.4.

As a result, the Court will **DISMISS WITHOUT PREJUDICE** the Petition (Doc. 1) so that Kimeng may pursue relief as a potential class member in the Central District of California.

As it has done in the past, in dismissing this Petition, the Court pauses to note it is not passing on the wisdom of mandatory detention in this context. But it is Congress, not this Court, that is tasked with making those policy determinations, subject only to constitutional limitations. And the Court concludes that Congress has spoken on the topic through the plain language of § 1225(b)(2) and § 1226(a). Of course, Congress remains free to revisit the language of those statutes at any time, should it wish to do so. But absent that, or different instruction from the Sixth Circuit, the Court finds that the statutory mandatory detention command applies.

That said, statutory commands, as just noted, must also conform with the Constitution. And the Court acknowledges that, if Kimeng's pre-removal detention goes on too long, due-process concerns may well arise. His current detention, though, has been roughly three months, (*see* Doc. 1, #6 ("Kimeng [has] been in immigration detention at Butler County Correctional Complex in Hamilton, Ohio since January 29, 2026.")), and that is insufficient to trigger such concerns. So the constitutional limits on the maximum permissible duration of such detention is a question for another day. Having said that, in connection with dismissing this action, the Court

3

**ORDERS** the government to provide this Court and Kimeng's counsel in writing, within fourteen (14) days, its best current estimate as to when a determination on the question of Kimeng's removal will be administratively final. Once the government has provided that information, the Court, as noted above, will dismiss this petition without prejudice.

      **SO ORDERED.**

April 30, 2026
 **DATE**                           **DOUGLAS R. COLE**
                                       **UNITED STATES DISTRICT JUDGE**